ment was vested in the banking board by the saving clause of the repealing act.

Chapter 12 of the Regular Session of the Fortieth Legislature expressly repealed article 443, which authorized the banking board "to require the payment for the current year of not exceeding two per cent. of such daily average deposits, * * * as may be necessary." The saving clause of the repealing act, in so far as it preserves the right of assessment given by article 443, provides:

"And provided further, that the passage of this act shall not affect the liability of state banks for assessments to the guaranty fund *as such liability existed at the time this act takes effect.*"

An ascertainment of what is meant by the provision, "as such liability existed at the time this act takes effect," will determine the power of assessment now possessed by the banking board.

To construe this provision to mean that the banking board could continue to annually levy the 2 per cent. assessment against banks in the system through a long period of years until all insolvent banks are fully liquidated would work a manifest hardship on such banks. They became members of a system founded upon the mutual principle. Under such an interpretation such principle would be wholly ignored, and they would be heavily penalized for a number of years, during which time their own depositors would receive no protection whatever from the guaranty fund.

A statute should never be so construed as to work injustice and hardship, if the language used can reasonably be given any other construction. If the statute admits of two constructions, it is obvious that the more reasonable of the two should be adopted as that which the Legislature intended. We should not attribute to the Legislature an intention to do what is a clear, manifest, and gross injustice. Rather the presumption should be, where the design of the act is not clear, that the Legislature intended the most reasonable and just interpretation to be placed upon it.

Tested by these rules, we think the provision in question contemplated that banks which were members of the system on February 11, 1927, at the time the repealing act took effect, would be liable for the 2 per cent. assessment for the current year; that it was only intended to give the banking board power to assess such banks for the liability which had accrued at that time, and did not contemplate a contingent liability of future annual assessments so as to authorize assessments over an unlimited number of years.

It appears that the banking board, acting by virtue of the power conferred by the repealing act, has levied the maximum assessment against all banks for the year 1927, and

we are of the opinion that no further assessments can legally be made against them.

The writ of mandamus should be refused, and the banking commissioner should be allowed to proceed in accordance with the plan of pro rata payments, applying thereto all available funds in hand.

GREENWOOD and PIERSON, JJ. The opinion of the Commission of Appeals is adopted, and the mandamus refused.

---

### FIRST NAT. BANK OF LONGVIEW, TEXAS, et al. v. STATE BANKING BOARD et al. (No. 1003–4876.)

Commission of Appeals of Texas, Section A. Dec. 12, 1928.

Young & Stinchcomb, of Longview, for relators.

Claude Pollard, Atty. Gen., C. W. Truehart, Asst. Atty. Gen., and John W. Goodwin and L. C. Sutton, both of Austin, for respondents.

HARVEY, P. J. The Supreme Court has this day adopted the opinion of Section B of the Commission, in the case of Edwin Lacy et al. v. State Banking Board, 11 S.W.(2d) 496. The holdings in that opinion require the same disposition of this case that is made of that case.

We recommend that the mandamus sought herein be refused.

GREENWOOD and PIERSON, JJ. Opinion of the Commission of Appeals adopted, and mandamus refused.

---

### Dan E. LYDICK, Tr., v. STATE BANKING BOARD OF TEXAS. (No. 1103–5016.)

Commission of Appeals of Texas, Section A. Dec. 12, 1928.

Spencer & Rogers, of San Antonio, for relator.

Claude Pollard, Atty. Gen., C. W. Truehart, Asst. Atty. Gen., and L. C. Sutton and John W. Goodwin, both of Austin, for respondent.

HARVEY, P. J. The Supreme Court has this day adopted the opinion of Section B of the Commission, in the case of Edwin Lacy et al. v. State Banking Board, 11 S.W.(2d) 496. The holdings in that opinion require the same disposition of this case that is made of that case.

We recommend that the mandamus sought herein be refused.

GREENWOOD and PIERSON, JJ. Opinion of the Commission of Appeals adopted, and mandamus refused.